# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WILSON SCOTT, | Case No. SACV 13-1957-VAP (JEM) |
| Petitioner, | |
| v. | SUMMARY DISMISSAL ORDER |
| CALIFORNIA ORANGE COUNTY SUPERIOR COURT, | |
| Respondents. | |

**RELEVANT PROCEEDINGS**

On December 17, 2013, Timothy Wilson Scott ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), in which he challenged the validity of his conviction and/or sentence in Orange County Superior Court case number 97WF1282. (Petition at 1-2.)

On April 10, 2017, Respondent filed a Notice of Petitioner's Death, notifying the Court that Petitioner died on September 12, 2016, and attaching a copy of the death certificate.

For the reasons set forth below, the Court finds that the Petition should be dismissed with prejudice as moot.

**DISCUSSION**

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party." An actual controversy must exist between the parties throughout all stages of the proceeding. See Alvarez v. Smith, 558 U.S. 87, 92 (2009); see also Preiser v. Newkirk, 422 U.S. 395, 401 (1975). An action becomes moot when the issues "are no longer 'live,' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). "Mootness is jurisdictional." Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (citation omitted).

In these habeas proceedings, the relief sought, i.e., Petitioner's immediate release from custody, is unique to the Petitioner himself and cannot be transferred. "In other words, the claims [are] extinguished upon [a] petitioner's death and no party can be substituted for him." Pennewell v. Carey, No. 2:06–cv0598 JKS EFB, 2008 WL 1860166, at *1 (E.D. Cal. Apr. 23, 2008) (citing Fed. R. Civ. P. 25(a)). "Because petitioner's death renders this case moot, the petition for writ of habeas corpus should be dismissed as moot." Garceau v. Woodford, 399 F.3d 1101 (9th Cir. 2005); see also Griffey v. Lindsey, 349 F.3d 1157 (9th Cir. 2003) (dismissing a petition for writ of habeas corpus as moot because petitioner had died).

**ORDER**

IT IS HEREBY ORDERED that this action is dismissed with prejudice.

DATED: April 24, 2017

VIRGINIA A. PHILLIPS
CHIEF UNITED STATES DISTRICT JUDGE